IN THE CIRCUIT COURT FOR THE 15th JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.:

MEGAN WILLIAMS, as Personal Representative of the ESTATE OF KEDAR WILLIAMS on behalf of the ESTATE and its lawful survivors, to wit: MEGAN WILLIAMS, surviving mother, and JEFFREY WILLIAMS, surviving father,

    Plaintiffs,

vs.

THE SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, MEGAN WILLIAMS, as Personal Representative of the Estate of KEDAR WILLIAMS, deceased, on behalf of THE ESTATE and its lawful survivors, to wit: MEGAN WILLIAMS, surviving mother, and JEFFREY WILLIAMS, surviving father, by and through their undersigned attorneys, and hereby sue the Defendant, THE SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA and allege:

### ALLEGATIONS COMMON TO ALL COUNTS

1. This is a wrongful death action brought pursuant to Section 768 of the Florida Statutes and Rule 1.650 of the Florida Rules of Civil Procedure for damages exceeding $30,000, exclusive of interest and costs.

2. Plaintiff has complied with all conditions precedent prior to filing this action pursuant to Florida Statute Chapter 768 and Defendants were provided with written notice of this claim via Certified Mail pursuant to Florida Statute §768.28.

3. At all times material hereto, MEGAN WILLIAMS is the Personal Representative of the ESTATE OF KEDAR WILLIAMS. See, Exhibit "A," Letters of Administration.

4. At all times material hereto, MEGAN WILLIAMS is the surviving mother of KEDAR WILLIAMS, and is a resident of Palm Beach County, Florida.

5. At all times material hereto, JEFFREY WILLIAMS is the surviving father of KEDAR WILLIAMS, and is a resident of Polk County, Florida.

6. At all times material hereto, the Defendant, THE SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA, governed, operated and controlled WILLIAM T. DWYER HIGH SCHOOL in Palm Beach Gardens, Florida, and was charged with governing and protecting the safety of students, including KEDAR WILLIAMS.

7. At all times material hereto, THE SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA was responsible for the acts of all employees, agents, and servants of THE SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA, including those working at WILLIAM T. DWYER HIGH SCHOOL, acting within the course and scope of their employment agency and servancy.

## FACTS GIVING RISE TO CAUSE OF ACTION

8. Kedar Williams was born on February 22, 2000 to Megan and Jeffrey Williams. At a young age, he was diagnosed with autism.

9. Kedar was an amazing young man, with a big smile and personality, who was able to show and receive affection, communicate his needs and wants with sign language and some words, and who was eager to learn.

10. Kedar attended elementary and middle school in Palm Beach County. In fact, he was required by State law to attend school and to be enrolled in program from students with special needs. While Kedar certainly had special needs, he was a special person with a bright future.

11. The goals and objectives for Kedar were outlined each year in an Individual Education Plan ("IEP"), and then addressed with his mother, teachers and school officials, who promised that the agreed upon plan could be executed, safely. Included in each plan was a specific identification of any pertinent health and safety needs of the student, as well as specific methods of how the SCHOOL BOARD was to protect against and address them.

12. In 2015, Kedar Williams was a second-year student at William T. Dwyer High School, have spent his entire life in the Palm Beach County School system. Dwyer was Kedar's designated school that was purportedly equipped to meet his special needs. The SCHOOL BOARD had direct knowledge of Kedar's educational, medical and social needs, and the input of Kedar's mother and medical doctors, who equipped them with the tools necessary to address them.

13. On September 11, 2015, Kedar Williams was at home with his mother, under her close supervision, when he began to choke while eating. He was immediately rushed to the hospital, where medical professionals determined that he aspirated. He remained in the intensive care unit for several weeks, undergoing tests and treatment, and thankfully, he survived. The medical professionals found that Kedar was at high risk for aspiration, requiring close monitoring at all times for his safety and protection, <u>especially</u> while eating.

14. The choking incident and risk for aspiration led his doctor to conclude that the safety means of protecting him was one-on-one para-professional monitoring. These requirement of one-on-one monitoring, especially while eating- and the very serious risks to Kedar's life and safety if these measured were not taken, were explicitly communicated to the SCHOOL BOARD repeatedly, both verbally and in writing, by Megan Williams, by Terrie Johnson, M.D., his long-time pediatrician, and incorporated into all of Kedar Williams' IEP going forward. It was clear to the SCHOOL BOARD, in no uncertain terms, that if Kedar Williams did not have one to one para-professional supervision at all times, especially while eating, he could be seriously injured or die.

15. Over the next several years, the SCHOOL BOARD continued to promise that it could meet Kedar Williams' needs and provide the one to one para-professional supervision he required, so that he could continue to work as a student and meet state educational requirements, in his IEP's.

16. However, there were many instances where Mrs. Williams had to repeatedly demand that the SCHOOL BOARD follow through on the promises it made in Kedar's IEP's.

17. For example, on September 20, 2016, Megan Williams contacted Chris Huff, the ESE Coordinator at William T. Dwyer High School, via email to reiterate the importance of constant supervision for Kedar. In this email, Megan attached photos from September 11, 2015, when Kedar was in a medically induced coma following a choking incident, as a visual warning of what could happen if Kedar was ever allowed to eat without one-on-one supervision. *See,* Exhibit B.

18. On November 11, 2016, Kedar's doctor, Board-Certified Pediatrician Terrie M. Johnson, M.D., reiterated the requirement for a one-on-one paraprofessional in a letter to the school, stating that the paraprofessional is to supervise Kedar during meal times to ensure that he does not place too much food in his mouth and to cut his food into smaller pieces to prevent aspiration. *See,* Exhibit C.

19. There were also other special education students that suffered due to the SCHOOL BOARD'S failure to provide one to one para-professionals, and failure to meet the needs of its special needs' students.

20. In fact, with both Kedar Williams and other special needs students, the SCHOOL BOARD engaged in a pattern or practice of:

       1. Failing to provide one-to-one para-professionals on a consistent basis;

       2. Failing to provide supervision to students who were at risk due to the special needs;

3. Failing to protect special needs students from verbal and physical injuries while on school grounds;

4. Failing to communicate with parents about incidents and instances when they were not providing one-to-one para-professional attention; and

5. Failing to follow their own promises set forth in students Individual Education Plans.

21. The 2019-2020 school year was set to begin on Monday, August 12, 2019. At that time, the SCHOOL BOARD knew that Kedar Williams had been diagnosed with autism and was at a high risk for aspiration, requiring constant one-on-one supervision by a paraprofessional while in the care, custody and control of employees of The School Board.

22. The School Board undertook the obligation to provide the necessary one-on-one supervision and agreed to do so in Kedar Williams's individual education plans, the most recent version being initiated on March 28, 2019 for the 2019-2020 school year.

23. Despite the SCHOOL BOARD having direct knowledge of Kedar's risk of aspiration, on August 12 and 13, 2019, unbeknownst to Megan Williams, the SCHOOL BOARD allowed Kedar to attend school without one-on-one supervision. On August 13, 2019, the second day of the 2019 school year, Kedar was allowed to eat in the cafeteria unattended, without someone to monitor the amount of food he was eating, whether he was drinking enough and whether he was eating slowly enough. The lack of supervision is captured on surveillance video of the cafeteria.

24. That day, the school cafeteria served chicken nuggets for lunch. Kedar Williams, while unattended, choked in the cafeteria at William T. Dwyer High School while eating lunch, and, following a delay in emergency aid, was rushed to Palm Beach Gardens Medical Center, where he was pronounced dead. The medical examiner determined the cause of death to be asphyxia caused by obstruction of airways by food bolus.

25. Kedar Williams choked to death because The School Board failed to ensure that he was supervised at all times while in their care, custody, and control, despite specific, repeated warnings. His loss has left his mother and father devastated and stuck in their worst nightmare.

## COUNT I
## CLAIM AGAINST THE SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA FOR WRONGFUL DEATH

Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 16 and further allege:

26. At all times material hereto, Defendant, THE SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA, by and through its actual agents, apparent agents, employees, servants and contracted staff members, owed a duty of reasonable care and supervision to KEDAR WILLIAMS, deceased, including ensuring that he was supervised by a one-on-one paraprofessional at all times due to his risk for aspiration.

27. Defendant, THE SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA, by and through its actual agents, apparent agents, employees, servants, and contracted staff members breached its duties to KEDAR WILLIAMS by ignoring the requirement for constant one-on-one supervision and allowing him to eat unattended, leading to his aspiration.

28. As a direct and proximate result of the Defendant's negligence, KEDAR WILLIAMS died.

29. As a direct and proximate result of KEDAR WILLIAMS'S wrongful death, the following damages have been incurred:

As to the Estate of KEDAR WILLIAMS:

　　i. Medical or funeral expenses due to the decedent's death that have become a charge against his estate or that were paid on behalf of the estate, excluding amounts recoverable by a survivor who has paid them; and

　　ii. Loss of net accumulations of the estate.

As to MEGAN WILLIAMS, surviving mother of KEDAR WILLIAMS, deceased, (pursuant to F.S. 768.21):

   i. Value of future lost support and services from the date of death;

   ii. Loss of the decedent's companionship;

   iii. Mental pain and suffering; and

   iv. All of which are permanent and continuing in nature.

As to JEFFREY WILLIAMS, surviving father of KEDAR WILLIAMS, deceased, (pursuant to F.S. 768.21):

   i. Value of future lost support and services from the date of death;

   ii. Loss of the decedent's companionship;

   iii. Mental pain and suffering; and

   iv. All of which are permanent and continuing in nature.

WHEREFORE, Plaintiff, MEGAN WILLIAMS, as Personal Representative of the Estate of KEDAR WILLIAMS, deceased, on behalf of THE ESTATE and its lawful survivors demands judgment against the Defendant, THE SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA for damages in excess of $30,000 and further demands a trial by jury on all issues so triable.

## COUNT II
## CLAIM AGAINST THE SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS IN VIOLATION OF 42 U.S.C. SECTION 1983

Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 16 and further allege:

30. This claim is brought pursuant to the provisions of 42 U.S.C. Section 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities secured to Plaintiff by the Constitution and laws of the United States.

31.   Defendant, THE SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA, acting under color of state and/or local law, ordinances, policies, customs and usages of the State of Florida, County of Palm Beach, Florida, deprived KEDAR WILLIAMS of his rights under the Eighth Amendment to the United States Constitution, and Article 1, Section 17 of the Florida Constitution, and by acting with deliberate indifference to his serious medical condition.

32.   Upon information and belief, THE SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA has a persistent practice or custom of exhibiting deliberate indifference to the constitutional rights of persons within Palm Beach County, including at William T. Dwyer High School, which caused a violation of KEDAR WILLIAMS's federally protected rights, as outlined in the statement of facts above.

33.   Specifically, it was the policy or custom of THE SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA, to fail to implement and/or follow policies designed to ensure that students with disabilities had adequate paraprofessional support, resulting in deliberate indifference to KEDAR WILLIAMS's serious need for constant one-on-one paraprofessional supervision, in violation of his rights secured by the Federal Constitution.

34.   The above-described customs and policies demonstrate a deliberate indifference on the part of policymakers at the SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA to the constitutional rights of persons within the county and were the cause of violations of KEDAR WILLIAMS's constitutional rights described herein.

35.   As a direct and proximate result of Defendant's actions, and in violation of 42 U.S.C. Section 1983, KEDAR WILLLIAMS was deprived of rights, privileges, and immunities under the Fourteenth Amendment of the United States Constitution.

36.   As a direct and proximate result of the Defendant's deprivation of KEDAR WILLIAMS's federal and state constitutional rights, KEDAR WILLIAMS died.

37.   As a direct and proximate result of KEDAR WILLIAMS's wrongful death, the ESTATE and its lawful survivors have suffered the following damages:

As to the Estate of KEDAR WILLIAMS:

    i. Medical or funeral expenses due to the decedent's death that have become a charge against his estate or that were paid on behalf of the estate, excluding amounts recoverable by a survivor who has paid them; and

    ii. Loss of net accumulations of the estate.

As to MEGAN WILLIAMS, surviving mother of KEDAR WILLIAMS, deceased, (pursuant to F.S. 768.21):

    i. Value of future lost support and services from the date of death;

    ii. Loss of the decedent's companionship;

    iii. Mental pain and suffering; and

    iv. All of which are permanent and continuing in nature.

As to JEFFREY WILLIAMS, surviving father of KEDAR WILLIAMS, deceased, (pursuant to F.S. 768.21):

    i. Value of future lost support and services from the date of death;

    ii. Loss of the decedent's companionship;

    iii. Mental pain and suffering; and

    iv. All of which are permanent and continuing in nature.

WHEREFORE, Plaintiff, MEGAN WILLIAMS, as Personal Representative of the Estate of KEDAR WILLIAMS, deceased, on behalf of THE ESTATE and its lawful survivors demands judgment against the Defendant, THE SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA pursuant to 42 U.S.C. Section 1983, for compensatory and punitive damages, all costs and reasonable attorney's fees provided for under applicable law, trial by jury on all issues so triable, and other further relief as the Court deems just and proper.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been e-filed for service upon the Defendants in this matter, this 13th day of August, 2020.

/s/ Rosalyn Sia Baker-Barnes
ROSALYN SIA BAKER-BARNES
Florida Bar No.: 327920
JORDAN A. DULCIE
Florida Bar No.: 118635
Primary E-mail: rsb@searcylaw.com
jdulcie@searcylaw.com
Secondary E-Mail: baker-barnesteam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Telephone: (561) 686-6300
Facsimile: (561) 383-9401
Attorneys for Megan Williams

AND

Salesia V. Smith-Gordon, Esquire
Law Offices of Salesia V. Smith-Gordon, P.A.
922 Second Street
West Palm Beach, FL 33401
Telephone: (561)329-0854
Facsimile: (561)655-4065
Email: salesia@smithgordonlaw.com
Attorney for Jeffrey Williams

IN THE CIRCUIT COURT FOR PALM BEACH COUNTY, FLORIDA

IN RE: ESTATE OF
        KEDAR WILLIAMS,
            Deceased.

Probate Division: IB
CASE NO.: 502019CP004509XXXXMB

RECEIVED NOV 1 2 2019

_____/

## LETTERS OF ADMINISTRATION
### (Single Personal Representative)

TO ALL WHOM IT MAY CONCERN

    WHEREAS, KEDAR WILLIAMS, a resident of Palm Beach County, Florida, died on August 13, 2019, owning assets in the State of Florida, and

    WHEREAS, MEGAN S. WILLIAMS, has been appointed Personal Representative of the Estate of the Decedent and has performed all acts prerequisite to issuance of Letters of Administration in the Estate,

    NOW, THEREFORE, I, the undersigned Circuit Judge, declare MEGAN S. WILLIAMS duly qualified under the laws of the State of Florida to act as Personal Representative of the Estate of KEDAR WILLIAMS, deceased, with full power to administer the Estate according to law; to ask, demand, sue for, recover and receive the property of the Decedent; to pay the debts of the Decedent as far as the assets of the Estate will permit and the law directs; and to make distribution of the Estate according to law.

    DONE AND ORDERED at West Palm Beach, Palm Beach County, Florida, this 12th day of November 2019.

SIGNED & DATED
NOV 1 2 2019

                              MAXINE D. CHEESMAN
                              CIRCUIT JUDGE
                              MAXINE CHEESMAN
                              CIRCUIT JUDGE

Copy furnished to:
Warren B. Brams, Esq., 2161 Palm Beach Lakes Blvd., Suite 201, West Palm Beach FL 33409;
Email: mgrbramslaw@gmail.com; Secondary Email: warrenbrams@bramslaw.cnmicrosoft.com

"Estate must be closed ⬚ 24 mo. months from the date of order."

EXHIBIT A

| | |
|---|---|
| From | Megan S. Williams  megan561@gmail.com |
| To | Chris Huff  chris.huff@palmbeachschools.org |
| Cc | Christine Ferlita  Christine.ferlita@palmbeachschools.org |
| Date | Sep 20, 2016, 6:43 AM |

Good morning,
I'm attaching this picture of Kedar from last year Friday, September 11, 2015 so that you can see and share with your staff about what could
happen again to Kedar if left alone, unattended, not supervised at ALL times while eating or drinking. I was informed by my daughter KeDeja that the am bus aide is allow Kedar to eat his snacks allow she sits in the back of the bus. KeDeja stated she's informed the side Kedar is NOT allow to eat without being supervised and the aide did NOTHING! I will be contacting Kedar's pediatrician Dr. Terrie
M. Johnson to re-write letter to school regarding the IMPORTANCE of this also I'm requesting a meeting ASAP.

...

--
~Megan
One Proud Mom of An Autistic Son
One ❤️ Keep Smiling Cause I Am Getcha One It's Contagious!

EXHIBIT B





**PEDIATRIC ASSOCIATES™**

www.pediatricassociates.com

November 11, 2016

To Whom It May Concern:

This letter is on behalf of my patient, Kedar Williams. Kedar is a 16 year old male with autism. Kedar was admitted to the hospital in late 2015 in the intensive care unit, secondary to aspiration events. He needs to have a one to one paraprofessional at school on daily basis that will monitor patient during his day at school and even on the bus. I also want the paraprofessional to assist him during meal times at school to insure that he does not place too much food in his mouth and to assist him with cutting his food into small pieces to prevent future aspiration events. If there are any additional questions, please contact my office.

Sincerely,

Terrie M. Johnson, MD, FAAP

EXHIBIT C

South Florida, Tampa Bay, Jacksonville

ADMINISTRATIVE OFFICE:   900 S. Pine Island Rd, Suite 800   •   Plantation, FL 33324   •   Tel: (954) 967-6400